UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

KATIE MOUNTAIN,
JENNIFER ALBERT,
MICHAELA SARGENT, and
DANIELLE FOSTER,

Plaintiffs,

v.

RANDALL LIBERTY,
BEN BEAL, and
ANDREW BALCER

Defendants.

Case No. 2:26-cv-00172-JAW

## DEFENDANTS RANDALL LIBERY AND BEN BEAL'S OPPOSITION TO MOTION FOR ENTRY OF DEFAULT

Defendants Randall Liberty and Ben Beal (the "Defendants") hereby oppose Plaintiff's Motion for Entry of Default Against State Defendants (ECF No. 13), or alternatively request that the Court set aside Defendants' default under Fed. R. Civ. P. 55(c). Defendants admit to inadvertently missing the July 14, 2026 deadline to answer the Amended Complaint (ECF No. 5), but state there is good cause to avoid entering default, or to set-aside any eventual entry.

Under Rule 55(c), the Court may set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c). While there is no mechanical formula for whether good cause exists, courts typically consider: (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; and (3) whether a meritorious defense is presented. *Indigo America, Inc. v. Big Impressions, LLC*, 597 F.3d 1, 3 (1st Cir. 2010)(citing *KPS & Assocs. v. Designs by FMC, Inc.*, 318 F.3d 1, 12 (1st Cir. 2003). Rule 55(c) provides the Court with the flexibility to maintain the orderly and efficient administration of justice, while recognizing the goals of resolving cases on the merits and avoiding harsh or unfair results. *KPS & Associates, Inc.*, 318 F.3d 1 at 13.

1

Here, there is good cause to deny Plaintiffs' motion or to set aside any eventual entry of default.[1] Although Defendants do not dispute that they failed to file an Answer or Rule 12 Motion by the Court's July 14, 2026 deadline, Counsel states that Defendants' failure was inadvertent. After signing the Notice of Lawsuit and Request to Waive Service forms on behalf of Defendants (ECF Nos. 7, 8), Counsel mistakenly calendared the Answer deadline 60-days from the date he completed the waiver forms (August 11, 2026), rather than 60-days from the date on the notice (July 14, 2026). Because Counsel for Defendants had not yet appeared in this case, he did not receive notice via the ECF system of the Court's docket entry setting the Answer deadline, or of Plaintiffs' motion for entry of default, (ECF No. 13), and thus did not immediately notice his error. Further , in intervening weeks, including from June 26, 2026 to July 5, 2026, Counsel for Defendants was out of the office and traveling internationally, which contributed to his error. Counsel submitted this response as quickly as possible after learning of his calendaring error on July 27, 2026.

Good cause to deny or set-aside default also exists because Defendants' failure to comply with the July 14, 2026 deadline did not prejudice Plaintiffs. On July 12, 2026, two days prior to the deadline, Plaintiffs filed a Motion to Amend the Complaint (ECF No. 12). The Court denied that motion on July 16, 2026 because Plaintiffs did not file a proposed Second Amended Complaint for the Court's consideration. (ECF No. 14.) However, that motion was denied without prejudice, with the opportunity for Plaintiffs to re-file the motion with a proposed Second Amended Complaint attached. *Id.* Defendants believe Plaintiff is likely to file a renewed motion and proposed Second Amended Complaint, which would likely render Defendant's response to the First Amended Complaint moot.

Finally, Defendants contend that good cause exists to deny or set aside default in this matter because Defendants intend to present a meritorious defense. While this case is in its

---

[1] Defendants' oppose Plaintiffs' motion rather than immediately requesting the Court set aside an entry of default because the Court has not yet entered default in response to Plaintiffs' motion.

early stages, Defendants deny the bulk of the substantive claims in the First Amended Complaint. Defendants will be prepared to present evidence at trial that they have responded appropriately to the safety concerns raised by residents at the Maine Correctional Center.

### CONCLUSION

For the reasons stated above, including that Defendants have shown good cause, Defendants respectfully request that the Court deny or set aside their default in this matter. By a separate motion, Defendants will request additional time to respond to the First Amended Complaint.

Dated: July 28, 2026

AARON M. FREY
Attorney General

/s/ Alexander Beals
Alexander M. Beals
Assistant Attorneys General
6 State House Station
Augusta, Maine 04333-0006
(207) 626-8800
alexander.m.beals@maine.gov

*Attorneys for Defendants Randall Liberty and Ben Beal*

## CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below, I electronically filed **DEFENDANTS RANDALL LIBERTY AND BEN BEAL'S OPPOSITION TO MOTION FOR ENTRY OF DEFAULT**  using the CM/ECF system, which will provide notice to me and all other parties and counsel of record. In addition, I hereby certify that on the date indicated below, I served a copy of the above-referenced document on Defendant Andrew Balcer by first-class mail, postage prepaid, at the following address:

Andrew Balcer, MDOC # 156589
Maine Correctional Center
17 Mallison Falls Rd.
Windham, ME 04062

Dated at Augusta, Maine this 28th day of July 2026.

/s/ Alexander Beals
Alexander M. Beals
Assistant Attorneys General
6 State House Station
Augusta, Maine 04333-0006
(207) 626-8800
alexander.m.beals@maine.gov

*Attorney for Defendants Randall Liberty and Ben Beal*

4