**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

**KATIE MOUNTAIN, JENNIFER ALBERT,**
**MICHAELA SARGENT, DANIELLE FOSTER,**
**HEATHER CARLOW, DEVYN AUSTIN,**
**KATELYNN DUBOIS, ALISON FURMAN,**
**TIA / ORION LUDWIG, and STACY CLAYTON,**
**individually and on behalf of all others similarly situated,**
**Plaintiffs,**

**v.** **Civil Action No. 2:26-cv-00172-JAW**

**RANDALL LIBERTY, Commissioner, Maine Department of Corrections, in his official and individual capacities;**
**BEN BEAL, Warden, Maine Correctional Center, in his official and individual capacities;**
**CHARLES DAME, Deputy Warden & PREA Coordinator, Maine Correctional Center, in his official and individual capacities;**
**CAPTAIN LAUBAUSKAS, Disciplinary Hearing Officer & Captain, Maine Correctional Center, in his official and individual capacities; and**
**ANDREW BALCER, individually,**
**Defendants.**

# SECOND AMENDED CLASS ACTION COMPLAINT
# DEMAND FOR JURY TRIAL
# DECLARATORY AND INJUNCTIVE RELIEF
# CLAIM FOR COMPENSATORY AND PUNITIVE DAMAGES

## I. INTRODUCTION

1. Behind prison walls where government authority is total and human vulnerability absolute, a state-enforced orthodoxy has reached its logical and harrowing conclusion. What unfolds inside the Maine Correctional Center is a world turned upside down: where state diktat replaces biological reality with official fiction, forces female victims to affirm their male abusers, and threatens the foundational pillars of constitutional liberty—truth, freedom, and privacy.

2. All factual allegations, legal claims, exhibits, declarations, handwritten inmate logs, and record submissions filed in connection with the First Amended Complaint and opposing

statements of material facts are hereby incorporated by reference as binding judicial admissions and record evidence in this action.

3. Plaintiffs Katie Mountain, Jennifer Albert, Michaela Sargent, Danielle Foster, Heather Carlow, Devyn Austin, Katelynn Dubois, Alison Furman, Tia / Orion Ludwig, and Stacy Clayton, individually and on behalf of all others similarly situated, bring this action under 42 U.S.C. § 1983, the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, the Maine Constitution, the Maine Civil Rights Act (5 M.R.S. § 4682), the Maine Human Rights Act (5 M.R.S. § 4591), and Maine common law. Plaintiffs assert individual § 1983 causes of action for money damages against Defendants Liberty, Beal, Dame, Laubauskas, and Balcer individually, alongside a single class action claim brought by Lead Class Representative Heather Carlow on behalf of all female prisoners subjected to cross-sex and open-cell strip searches, and prospective facility-wide declaratory and injunctive relief.

## II. JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over Plaintiffs' federal constitutional claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4). Plaintiffs' claims for relief are authorized by 42 U.S.C. §§ 1983 and 1988, and 28 U.S.C. §§ 2201 and 2202.

5. Because Plaintiff Michaela Sargent remains actively incarcerated at the Maine Correctional Center ('MCC') on her current sentence through at least January 18, 2028, her ongoing confinement under the challenged state policies preserves live Article III subject-matter jurisdiction for prospective declaratory and injunctive relief under Ford v. Bender, 768 F.3d 15, 29 (1st Cir. 2014) and settled Supreme Court standing rules (Town of Chester v. Laroe Estates, Inc., 581 U.S. 433, 439 (2017); Rumsfeld v. FAIR, 547 U.S. 47, 52 n.2 (2006); FDA v. Alliance for Hippocratic Medicine, 602 U.S. 367, 380–81 (2024)).

6. This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a). Venue is proper in the District of Maine under 28 U.S.C. § 1391(b) because all Defendants reside in Maine and all constitutional and tortious violations occurred at MCC in Windham, Maine.

## III. PARTIES

7. Plaintiffs Katie Mountain, Jennifer Albert, Michaela Sargent, Danielle Foster, Heather Carlow, Devyn Austin, Katelynn Dubois, Alison Furman, Tia / Orion Ludwig, and Stacy Clayton are adult women who were incarcerated at MCC during the relevant period and subjected to the unlawful policies, physical assaults, retaliatory discipline, and invasive searches alleged herein.

8. Defendant Randall Liberty is Commissioner of the Maine Department of Corrections ('MDOC'), sued in his official and individual capacities. Defendant Ben Beal is Warden of MCC, sued in his official and individual capacities. Defendant Charles Dame is Deputy Warden and PREA Coordinator at MCC, sued in his official and individual capacities. Defendant Captain Laubauskas is a Corrections Captain and Disciplinary Hearing Officer at MCC, sued in his official and individual capacities. Defendant Andrew Balcer (MDOC # 156589) is an intact biological male serving a 40-year sentence for double murder, currently housed in the female facility at MCC, sued in his individual capacity.

## IV. CLASS ACTION ALLEGATIONS

9. Plaintiff Heather Carlow brings Count One as a Class Action pursuant to Federal Rules of Civil Procedure 23(a), (b)(2), and (b)(3) on behalf of the 'Unreasonable Search & Bodily Privacy Class,' defined as: All female prisoners currently or formerly incarcerated at the Maine Correctional Center who have been or will be subjected to cross-sex visual strip searches,

unclothed body searches by male guards, or open-cell strip searches viewed by male staff or male inmates under MDOC Policy 23.8 Procedure B.2 and B.16.

10. The Class satisfies Numerosity (over 100 female prisoners), Commonality of factual and legal questions under the Fourth, Eighth, and Fourteenth Amendments, Typicality of Carlow's claims, and Adequacy of representation. Class-wide monetary damages are sought against Warden Ben Beal individually for assigning male guards to perform unclothed strip searches over inmate objections, alongside prospective injunctive relief halting Policy 23.8's cross-sex search mandate.

## V. FACTUAL ALLEGATIONS

### A. Systemic Policy Overreach, Record Falsification, and Asymmetric Sex Discrimination

11. Maine Statute 34-A M.R.S. § 3031(10) conditions gender identity housing on facility safety, establishing that housing consistency does not apply when placement 'would present significant management or security problems... or threaten the health and safety' of residents. MDOC Policy 23.8 § A.4 overreaches this statutory boundary by establishing an absolute diktat: 'Under no circumstances may any facility staff... prohibit or punish or impose other negative consequences due to behavior that is deemed to be gender nonconforming,' insulating sexually predatory behavior from discipline.

12. MDOC Policy 23.8 § IV.4 allows any male prisoner to claim an unverified gender identity ('whether male, female, both, or neither') that cannot be questioned, that allows manipulation of the housing policy, and often reflects an obscene fetish. Furthermore, as established by the Declaration of Jennifer Pepper (executed Sept 11, 2026) and official MDOC public records, MDOC actively falsifies public government databases and CORIS tracking portals by logging intact biological males as 'female.' Defaulting all new gender identity categories ('nonbinary',

'transgender', 'neither') to 'female' erases female class protections under the Maine Human Rights Act (5 M.R.S. § 4591) and Fourteenth Amendment Equal Protection, while violating female citizens' and inmates' fundamental constitutional liberty interest in truth in government records.

13. MDOC maintains all-male facilities where biological females are strictly excluded, but provides zero all-female facilities or male-free spaces for women, forcing female prisoners to share locked cells, toilets, and showers with intact males. While Defendant Balcer enjoys work assignments, gardening, TV, library access, and perks in the Women's Center, female inmates who complain are banished to Foxtrot segregation and stripped of privileges.

**B. Heather Carlow's August 5, 2026 Open-Cell Strip Search & Administrative Unavailability**

14. On August 5, 2026, during a shakedown in Foxtrot Cell #17, MCC supervisors under direction of Defendant Beal appointed C/O Freeman—a male transgender guard—to strip search Plaintiff Heather Carlow and her roommate. C/O Freeman entered the cell alone and left the door wide open to 35+ male officers and inmates. Carlow was ordered to disrobe completely, one article of clothing at a time, 1 foot away from Freeman while an inmate watched from the top tier. Freeman ordered Carlow to lift her breasts, spread her legs, bend over, spread her buttocks, squat, and cough three times. When Carlow protested, Freeman responded, 'Well, they are supposed to see you,' and ordered her to comply.

15. Carlow exhausted all administrative channels through August 5 and 6 grievances, sick call slips, and written letters to Beal, Dame, and the Augusta PREA Coordinator. In the alternative, remedies were legally unavailable under Ross v. Blake, 578 U.S. 632 (2016) because staff refused to talk ('I can't talk to you any further about this conversation'), GRO Turner dismissed her grievance as 'duplicative' with a pre-printed command banning appeals, and prison officials maintained a facility-wide pattern of retaliatory write-ups.

**C. First Amendment Retaliation Claims**

16. First Amendment retaliation claims under 42 U.S.C. § 1983 survive dismissal against individual state officials when a plaintiff alleges: (1) constitutionally protected speech or conduct; (2) adverse state action calculated to deter a person of ordinary firmness; and (3) a causal connection between the speech/conduct and the adverse action. Defendants Liberty, Beal, Dame, and Laubauskas engaged in an orchestrated pattern of First Amendment retaliation against Plaintiffs for speaking to the press, filing grievances, and giving PREA witness statements:

17. Katie Mountain Retaliation Exemplar: Mountain engaged in protected speech by sending a letter to the online news site, The Maine Wire, and sending letters to elected officials. Defendants retaliated immediately: C/O Babbitt taunted her ('15 minutes of fame', 'put me in an article next'), staff burnt ID tags onto her clothes, issued fitting-denied uniforms, raided her cell searching legal papers, dropped her classification level from Level 4 to Level 1, locked her in segregation 22 hours a day, and Captain Laubauskas victim-shamed her at a D-Board hearing, stating: 'Yes, you should have stayed in that room and got raped until the investigation was substantiated.'

18. Michaela Sargent Retaliation Exemplar: Sargent engaged in protected speech by filing Grievance Log # 2026-MCC-418, submitting request slips complaining about male cohabitation, and participating in this lawsuit. Defendants retaliated: Deputy Warden Charles Dame issued formal retaliatory write-ups (Case No. MCC-2026-0707 for writing letters requesting counseling and complaining of segregation; Case No. MCC-2026-0710 for PREA reporting), demanded mandatory face-to-face 'mediation' with Balcer, mocked her ('nobody believes you'), denied mental health care leading to her July 3 suicide attempt, C/Os Hanson and DeAngelo mocked her

resuscitation ('we can play hangman'), staff left her naked under a blanket on a floor for 8 hours, and counselors were forbidden from discussing retaliation.

19. Jennifer Albert Retaliation Exemplar: Plaintiff Jennifer Albert engaged in constitutionally protected speech by providing a truthful witness statement and report supporting Michaela Sargent's PREA complaint and detailing Sargent's mental breakdown and near-fatal suicide attempt on July 3, 2026. In direct retaliation for Albert providing this truthful statement, Deputy Warden Charles Dame subjected Albert to harsh disciplinary punishment, revoking fifteen (15) days of earned good time deductions, while transferring her to Foxtrot segregation and stripping her of Level 3 privileges (denying TV, gym, library, store, and outdoor access), while GRO Turner manufactured a 'duplicative' dismissal with a pre-printed ban on appeals.

20. Additional Witness Retaliation: Plaintiff Tia / Orion Ludwig witnessed Sargent begging for mental health help on July 3, gave a truthful statement to a PREA auditor, and was issued a retaliatory Class A write-up for 'false statement.' Plaintiff Danielle Foster submitted a PREA request slip and was issued a Class A Disciplinary Report (Case No. MCC-2026-0440) for 'False Statement.' Witness inmate Devyn Austin was similarly written up and disciplined for supporting Sargent's grievances.

## VI. CAUSES OF ACTION

**COUNT ONE: CLASS ACTION CLAIM**
**(42 U.S.C. § 1983 – Fourth, Eighth, & Fourteenth Amendment Unreasonable Searches, Privacy, & Cruel and Unusual Punishment Against Defendants Liberty and Ben Beal Individually and Officially for Injunctive Relief)**

21. Lead Class Representative Heather Carlow incorporates all preceding paragraphs. Defendant Ben Beal acted with deliberate indifference and in violation of clearly established Fourth, Eighth, and Fourteenth Amendment rights by ordering male guards to conduct unclothed visual strip

searches of female prisoners in open cells viewed by male staff and inmates. Carlow and the Class seek monetary damages against Liberty and Beal individually, for instigating and enforcing a policy that violates clearly established constitutional rights of plaintiffs, and prospective injunctive relief against Liberty and Beal.

**COUNT TWO: INDIVIDUAL 1983 DAMAGES CLAIM**
**(42 U.S.C. § 1983 – Eighth Amendment Failure to Protect & Deliberate Indifference Against Liberty, Beal, Dame, and Laubauskas)**

22. Plaintiffs incorporate all preceding paragraphs. Defendants Liberty, Beal, Dame, and Laubauskas acted with deliberate indifference to known severe risks of sexual violence and physical build disparities (28 C.F.R. § 115.241(d)(3)) by housing intact 6'0", 310 lb. male double murderer Andrew Balcer in small locked cells with female prisoners, inflicting physical assault, severe trauma, and mental breakdowns.

**COUNT THREE: INDIVIDUAL 1983 DAMAGES CLAIM**
**(42 U.S.C. § 1983 – Fourteenth Amendment Substantive Due Process Right to Bodily Privacy Against Liberty, Beal, Dame, and Laubauskas)**

23. Plaintiffs incorporate all preceding paragraphs. Defendants violated Plaintiffs' fundamental 14th Amendment bodily privacy and autonomy in intimate spaces (showers, toilets, sleeping quarters, strip searches), citing Dobbs v. Jackson Women's Health Org., 597 U.S. 215 (2022). Defendants afford extreme privacy measures for inmates with a gender identity than female inmates, discriminating against them based on sex in violation of the Equal Protection Clause. Male inmates have single-sex facilities and female inmates do not. Females are strip searched by male CO's and males who have a gender identity get to choose what sex their searcher is

**COUNT FOUR: INDIVIDUAL 1983 DAMAGES CLAIM**
**(42 U.S.C. § 1983 – First Amendment Retaliation & Compelled Speech Against Liberty, Beal, Dame, and Laubauskas)**

24. Plaintiffs incorporate all preceding paragraphs. Defendants engaged in First Amendment retaliation under Grant v. Maine DHHS against Katie Mountain, Michaela Sargent, Jennifer Albert (revoking 15 days of good time), Tia Ludwig, and Danielle Foster, while unconstitutionally compelling speech and preferred pronoun usage under Chiles v. Salazar, 607 U.S. ___ (2026), West Virginia v. Barnette, Wooley v. Maynard, and Rumsfeld v. FAIR.

**COUNT FIVE: INDIVIDUAL 1983 DAMAGES CLAIM**
**(42 U.S.C. § 1983 – First Amendment Free Exercise & Establishment Clause Against Liberty and Beal)**

25. Plaintiffs incorporate all preceding paragraphs. Defendants violated Christian, Baptist, and religious female inmates' Free Exercise rights by forcing cohabitation with intact males and compelling affirmation of state gender orthodoxy.

**COUNT SIX: INDIVIDUAL 1983 DAMAGES CLAIM**
**(42 U.S.C. § 1983 – Fourteenth Amendment Equal Protection & Sex Erasure Against Liberty and Beal)**

26. Plaintiffs incorporate all preceding paragraphs. Defendants erased 'sex' from Policy 1.6, denied all-female spaces, and established asymmetric perks for male trans residents while punishing female complainants (United States v. Virginia, 518 U.S. 515).

**COUNT SEVEN: INDIVIDUAL 1983 DAMAGES CLAIM**
**(42 U.S.C. § 1983 – Fourteenth Amendment Due Process & Liberty Interest in Government Record Truth Against Liberty and Beal)**

27. Plaintiffs incorporate all preceding paragraphs. As established by the Pepper Declaration, Defendants actively falsify official state records and CORIS tracking portals by logging intact males as 'female', violating female citizens' and inmates' fundamental liberty interest in truth in government records.

**COUNTS EIGHT THROUGH ELEVEN: MAINE CONSTITUTIONAL & STATUTORY CLAIMS**
**(Maine Civil Rights Act, 5 M.R.S. § 4682 & Human Rights Act, 5 M.R.S. § 4591 Against Liberty, Beal, Dame, and Laubauskas)**

28. Plaintiffs incorporate all preceding paragraphs. Defendants intentionally interfered with Plaintiffs' state constitutional rights through physical force, threats of force, Class A write-ups, good time revocations, and retaliatory segregation under 5 M.R.S. § 4682(1-A)(B).

**COUNT TWELVE: COMMON LAW TORTS & MCRA CLAIM**
**(5 M.R.S. § 4682, Assault, Battery, Sexual Battery, & IIED Against Defendant Andrew Balcer Individually)**

29. Plaintiffs incorporate all preceding paragraphs. Defendant Andrew Balcer engaged in physical sexual assault, forced kissing, bathroom entrapment, and explicit threats of rape, smothering, and impregnation against female cellmates. Plaintiffs seek compensatory damages and $10,000,000.00 in punitive damages against Balcer individually.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants as follows:

A. An Order certifying Count One as a Class Action under Rule 23, appointing Heather Carlow as Class Representative;

B. An Order declaring MDOC Policy 23.8, Policy 1.6, and 34-A M.R.S. § 3031(10) unconstitutional facially and as applied;

C. A Permanent Injunction prohibiting cross-gender strip searches, male housing in female facilities, and compelled speech;

D. An Award of compensatory damages against Liberty, Beal, Dame, Laubauskas, and Balcer, jointly and severally, in the amount of $10,000,000.00;

E. An Award of compensatory and punitive damages against Defendant Andrew Balcer individually in the amount of $10,000,000.00;

F. An Award of punitive damages against Defendants Liberty, Beal, Dame, and Laubauskas individually in the amount of $10,000,000.00;

G. An Award of reasonable attorneys' fees and costs under 42 U.S.C. § 1988 and 5 M.R.S. § 4682; and

H. Granting such other and further relief as the Court deems just and proper.

Dated: September 15, 2026

Respectfully submitted,

/s/ Cynthia A. Dill
Cynthia A. Dill, Esq. (Maine Bar # 7055)
The Law Office of Cynthia Dill
1227 Shore Road, Cape Elizabeth, ME 04107
Tel: (207) 747-4172
Email: cynthia@dillesquire.com
Attorney for Plaintiffs