**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

**KATIE MOUNTAIN, JENNIFER ALBERT,**
**MICHAELA SARGENT, DANIELLE FOSTER,**
**HEATHER CARLOW, DEVYN AUSTIN,**
**KATELYNN DUBOIS, ALISON FURMAN,**
**TIA / ORION LUDWIG, and STACY CLAYTON,**
**individually and on behalf of all others similarly situated,**
**Plaintiffs,**

**v.** **Civil Action No. 2:26-cv-00172-JAW**

**RANDALL LIBERTY, Commissioner, Maine Department of Corrections, in his official and individual capacities;**
**BEN BEAL, Warden, Maine Correctional Center, in his official and individual capacities;**
**CHARLES DAME, Deputy Warden & PREA Coordinator, Maine Correctional Center, in his official and individual capacities;**
**CAPTAIN LAUBAUSKAS, Disciplinary Hearing Officer & Captain, Maine Correctional Center, in his official and individual capacities; and**
**ANDREW BALCER, individually,**
**Defendants.**

---

## NOTICE OF CONSTITUTIONAL QUESTION – STATE STATUTE

### (Pursuant to Local Rule 5.1, Local Rule 3(f), 28 U.S.C. § 2403(b), and Fed. R. Civ. P. 5.1)

PLEASE TAKE NOTICE that pursuant to Local Rule 5.1 and Local Rule 3(f) of the United States District Court for the District of Maine, 28 U.S.C. § 2403(b), and Rule 5.1 of the Federal Rules of Civil Procedure, Plaintiffs Katie Mountain, Jennifer Albert, Michaela Sargent, Danielle Foster, Heather Carlow, Devyn Austin, Katelynn Dubois, Alison Furman, Tia / Orion Ludwig, and Stacy Clayton, individually and on behalf of all others similarly situated, hereby notify the Court and the Attorney General of the State of Maine that the pleading filed in this action—specifically Plaintiffs' Second Amended Class Action Complaint—draws into question the constitutionality of a statute of the State of Maine.

## I. STATE STATUTES DRAWN INTO QUESTION

1. State Statute Questioned: Maine Revised Statutes Annotated, Title 34-A, Section 3031(10) (and Title 34-A, Section 1208-B(3)), which mandates that state correctional facilities housing incarcerated residents must 'respect and acknowledge an incarcerated person's consistently held gender identity irrespective of anatomy or physique' and house residents according to self-reported gender identity.

2. Nature of Constitutional Challenge: Plaintiffs contend that 34-A M.R.S. § 3031(10), both facially and as applied to female prisoners incarcerated in Maine state correctional facilities, violates the United States Constitution in the following respects:

a. First Amendment (Free Exercise & Establishment Clauses): Unconstitutionally compels female prisoners whose Christian, Baptist, or sincerely held religious beliefs prohibit sharing locked sleeping quarters, toilets, and showers with intact biological males to cohabitate with male prisoners and adopt a state-enforced gender orthodoxy contrary to their religious faith and conscience;

b. First Amendment (Free Speech & Compelled Speech): Unconstitutionally compels speech from female prisoners and prison staff under threat of administrative discipline by forcing them to verbally affirm that intact biological males are 'female' and strictly address them with preferred female pronouns (West Virginia State Bd. of Educ. v. Barnette, 319 U.S. 624 (1943); Wooley v. Maynard, 430 U.S. 705 (1977); Rumsfeld v. FAIR, 547 U.S. 47 (2006); Chiles v. Salazar, 607 U.S. ___ (2026));

c. Fourth Amendment (Unreasonable Searches & Seizures): Unconstitutionally authorizes and enforces cross-sex visual strip searches and open-cell unclothed searches of female prisoners conducted by male guards and viewed by male staff and male inmates;

d. Eighth Amendment (Cruel & Unusual Punishment): Unconstitutionally exposes female prisoners to known severe risks of sexual violence, physical sexual assault, forced cohabitation, and extreme psychological distress by placing intact biological males into female cells without regard to physical build, male anatomy, or predatory criminal history, in direct conflict with federal Prison Rape Elimination Act (PREA) regulations (28 C.F.R. § 115.241(d)(3)); and

e. Fourteenth Amendment (Equal Protection & Due Process): Unconstitutionally erases 'sex' as a protected class, discriminates against female prisoners on the basis of sex, grants asymmetric privacy and property privileges to male transgender residents while punishing female victims in Foxtrot segregation, and violates female citizens' and inmates' fundamental constitutional liberty interest in expecting official government records, administrative databases, and public website search portals to reflect biological truth.

## II. SERVICE ON THE ATTORNEY GENERAL OF MAINE

3. Pursuant to Local Rule 5.1(b) and Fed. R. Civ. P. 5.1(a)(2), a copy of this Notice and Plaintiffs' Second Amended Class Action Complaint are being served upon the Honorable Aaron M. Frey, Attorney General of the State of Maine, at 6 State House Station, Augusta, Maine 04333-0006.

## III. REQUEST FOR CERTIFICATION UNDER 28 U.S.C. § 2403(b)

4. Pursuant to 28 U.S.C. § 2403(b) and Fed. R. Civ. P. 5.1(b), Plaintiffs respectfully request that the Court certify to the Attorney General of the State of Maine that the constitutionality of 34-A M.R.S. § 3031(10) has been drawn into question in this action, and permit the State of Maine to intervene for argument on the question of constitutionality as provided by law.

Dated September 15, 2026

*/s/ Cynthia A. Dill*
Cynthia A. Dill
Attorney for Plaintiffs
Maine Bar # 7055

The Law Office of Cynthia Dill
1227 Shore Road
Cape Elizabeth, Maine 04107
207-747-4172
cynthia@dillesquire.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2026, I electronically filed this Notice using the CM/ECF system, which will send notification of such filing to all counsel of record.

I hereby certify I sent a copy of the Notice to Defendant Balcer via US Mail to Maine Correctional Center, 17 Mallison Falls Road, Windham, Maine 04062

Dated September 15, 2026

*/s/ Cynthia A. Dill*
Cynthia A. Dill, Esq.
Attorney for Plaintiff
Maine Bar #7055