U.S. DISTRICT COURT
DISTRICT OF MAINE
PORTLAND
RECEIVED AND FILED

NOV 18 2026

JENNIFER P. LYONS, CLERK

BY______________________
DEPUTY CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

**KATIE MOUNTAIN, JENNIFER ALBERT, MICHAELA SARGENT and DANIELLE FOSTER, Plaintiffs,**

v.

**RANDALL LIBERTY, BEN BEAL and ANDREW BALCER, Defendants.**

Civil Action No. 2:26-cv-00172-JAW

Before Hon. John A. Woodcock, Jr.

---

## MOTION OF PROPOSED AMICUS BRANDON MICHAEL HAYES FOR RECONSIDERATION OF ECF NO. 64

### I. Order and Relief Requested

Brandon Michael Hayes, acting pro se in his individual capacity as President of the Natural Law Institute, requests reconsideration under D. Me. Local Rule 7(f) of the November 4, 2026 denial (ECF No. 64) of his nonpartisan amicus motion (ECF No. 56). The order relied on the stated adequacy of party representation and the absence of a special interest, citing *Strasser v. Doorley*, 432 F.2d 567 (1st Cir. 1970).

### II. Material Representation Error

The docket shows attorney Cynthia A. Dill for the four plaintiffs and state counsel for defendants Liberty and Beal. It separately identifies defendant Andrew Balcer as PRO SE. On July 27, 2026, ECF No. 17 denied Balcer's motion to appoint counsel while expressly acknowledging the difficulty faced by an incarcerated layperson litigating without representation. Thus, the unqualified statement that "the parties are adequately represented" does not describe the full litigation record. The movant seeks correction of that material premise, not an inference that Balcer's lack of counsel itself entitles movant to intervene or speak for Balcer.

### III. Alternative Grounds Under Strasser

*Strasser* preserves judicial discretion but identifies the distinct consideration whether the existing advocacy could use supplementary assistance. The order does not explain whether it examined that consideration in a case combining represented litigants with an incarcerated pro se defendant. Hayes's proposed integrated brief furnished an independent structural method for

separating institutional authority, individual conduct, evidentiary custody, and corresponding remedies. It was offered in support of neither party, and was not an attempt to add evidence, expand claims, or advocate Balcer's personal defense. The relevant inquiry is whether such a bounded nonparty submission contributes a framework the adversarial presentation may leave unaddressed.

**IV. Limited Burden and Available Cure**

The docket reflects no opposition to ECF No. 56 by its November 3 response deadline. Lack of opposition does not mandate leave, but it bears on *Strasser*'s concern that an amicus may impose an unwanted response burden. The requested cure is limited: allow the proposed brief for such weight as the Court finds useful, or identify why its specific analytical contribution offers no assistance under the actual represented and unrepresented party configuration.

**V. Prayer for Relief**

Hayes asks the Court to (1) reconsider ECF No. 64 for manifest factual error; (2) review ECF No. 56 under the supplementary-assistance component of *Strasser*; (3) accept the proposed brief, if appropriate, without altering existing deadlines or party rights; or (4) provide a reasoned denial tied to the actual docket and proposed contribution. No intervention, discovery, merits ruling, or enlargement of the litigation is requested.

Respectfully submitted,

/s/ Brandon Michael Hayes
Brandon Michael Hayes, Pro Se Proposed Amicus
President, Natural Law Institute (identification only)
159 Indian Hill Street | West Newbury, MA 01985
brandon@hayeshaus.com | (617) 438-2049
Dated: November 17, 2026

**CERTIFICATE OF SERVICE**

I certify that on Monday, November 16, 2026, I transmitted copies of the foregoing motion by email to the available parties and counsel of record for notice and conferral. On Tuesday, November 17, 2026, I transmitted the physical filing package to the United States District Court for the District of Maine and mailed service copies to unrepresented parties and other recipients requiring physical service.

Respectfully certified,

/s/ Brandon Michael Hayes
Pro Se Proposed Amicus
President, Natural Law Institute